IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MORRIS SMITH, | ) | |
|       **Plaintiff,** | ) | |
| vs. | ) | No. 3:18-CV-1217-N (BH) |
| | ) | |
| CITY OF DALLAS POLICE | ) | |
| DEPARTMENT, | ) | |
|       **Defendants.** | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED with prejudice** for failure to state a claim.

## I.  BACKGROUND

Morris Smith (Plaintiff) initially filed suit under 42 U.S.C. § 1983 against the Dallas Police Department (DPD) for denying him the use of a public restroom.  (*See* doc. 3.)  He subsequently named four DPD officers (Officers) and the City of Dallas (City) as defendants, clarifying that the incident occurred at the DPD South Central Subdivision Station on July 6, 2016.  (*See* doc. 10 at 3-4.)[2] He also alleged that he was subsequently wrongfully "arrested and charged with a[n] APOWW" and taken to a mental health facility, where he was detained for 72 hours.  (*Id.* at 4.) Plaintiff seeks to have the incident "documented correctly" on his record and to "not to [] be denied the use of [the] city public bathroom[.]" (*Id.*) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Because the plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page.

the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state

a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is

immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on

an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in

*Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at

issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v.*

*Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be

granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to

"raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and

conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim

upon which relief may be granted. *Id.*

### III. SECTION 1983

Plaintiff sues the City and Officers under § 1983. It "provides a federal cause of action for

the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the

Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To

state a § 1983 claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured

by the Constitution and the laws of the United States and (2) the deprivation occurred under color

of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs.*

*Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.    **City**

Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co.*

*Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable

under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her

constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Jones v. City*

*of Hurst, Tex.*, No. 4:05–CV–798–A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing

*Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ). It is well-settled that a municipality

cannot be liable under a theory of *respondeat superior*, however.  *Piotrowski v. City of Houston*, 237

F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the

Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy

maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy

or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536,

541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal

policy includes the decisions of a government's lawmakers, the acts of its policymaking officials,

and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S.

at 691–95.

Here, Plaintiff is expressly not alleging that a City policy or custom officially adopted and

promulgated by its lawmakers was the moving force behind a violation of his constitutional rights.

(*See* doc. 10 at 5.)  He has therefore not stated a claim for municipal liability. *See Twombly*, 550 U.S.

at 555; *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (a plaintiff must

allege that a custom or policy served as the moving force behind the constitutional violation at

3

issue.) To the extent that he sues City based on Officers' actions, he has likewise failed to state a

claim because it cannot be held liable under a theory of *respondeat superior*. *See Piotrowski*, 237

F.3d at 578. Plaintiff's § 1983 claims against City should be dismissed.[3]

## B.   **Officers**

Plaintiff alleges that Officers falsely arrested and charged him with an "APOWW" and then

took him to a mental health facility, where he was detained for 72 hours. (*See* doc. 10 at 3-4.)

The Fourth Amendment protects "[t]he right of the people to be secure in their persons,

houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A

seizure occurs when an officer "by means of physical force or show of authority, has in some way

restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 20 n. 16 (1968). "This includes

seizures for the purpose of temporary commitment in a mental health facility." *See Gordon v.*

*Neugebauer*, No. 1:14-CV-0093-J, 2014 WL 6892716, at 7 (N.D. Tex. Oct. 31, 2014) (citing in part

*Martinez v. Smith*, 200 F.3d 816, 1999 WL 1095667, at *1 (5th Cir. Nov.4, 1999) ("individuals have

a Fourth Amendment right to be free from detention for psychological evaluation")). The Fourth

Amendment permits a seizure if supported by probable cause. *Id.* (citing *United States v. Place*, 462

---

[3] Plaintiff does not specify the capacity in which he sues Officers. In these circumstances, courts look to the course of proceedings to determine the capacity in which a defendant is sued. *See United States ex rel. Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 402-03 (5th Cir. 2004) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities, and the plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities); *Harmon v. Dallas Cty.*, 294 F. Supp. 3d 548, 569 n.6 (N.D. Tex. 2018) (noting that courts generally look to the course of the proceedings to determine the nature of liability sought to be imposed when a plaintiff does not specify the capacity in which an official is sued) (quoting *Adrian*); *but see Douglas v. Gusman*, 567 F. Supp. 2d 877, 888-89 (E.D. La. 2008) (when a pro se plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted). Based on the specific allegations of false arrest against Officers, Plaintiff appears to sue them in their individual capacities. *See Thomas v. State*, 294 F. Supp. 3d 576, 604 n. 13 (N.D. Tex. 2018) (citations omitted). To the extent that he sues them in their official capacities, an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Any official capacity claims against Officers fail for the same reason as Plaintiff's claims against their government employer, City.

U.S. 696, 700–01 (1983)).  A false arrest is a form of false imprisonment, which requires "detention

without legal process." *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007).  To succeed on a claim of

false arrest, there must be an absence of probable cause for the arrest. *See Haggerty v. Tex. S. Univ.*,

391 F.3d 653, 655 (5th Cir.2004); *see also Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001) ("The

'constitutional torts' of false arrest, unreasonable seizure, and false imprisonment also require a

showing of no probable cause.").

        In Texas, a peace officer make take a person into custody without a warrant "if the officer:

(1) has reason to believe and does believe that: (A) the person is a person with mental illness; and

(B) because of that mental illness there is a substantial risk of serious harm to the person or to others

unless the person is immediately restrained; and (2) believes that there is not sufficient time to obtain

a warrant before taking the person into custody."  Tex. Health & Safety Code Ann. § 573.001(a).

Officers must immediately transport the person to a mental health facility. Tex. Health & Safety

Code Ann. § 573.001(c).  An arrest under this statute "is referred to as an Apprehension by a Peace

Officer Without Warrant ('APOWW').  *Kipp v. Laubach*, No. 3:17-CV-67-S, 2018 WL 5981995,

at *1 (N.D. Tex. Nov. 14, 2018). An officer has probable cause to detain a person if the two

requirements for emergency detention in Tex. Health & Safety Code Ann. § 573.001(a) are satisfied.

 *See Rich v. Palko*, 920 F.3d 288, 294 (5th Cir.), *cert. denied*, 140 S. Ct. 388 (2019), *reh'g denied*

*sub nom. Rich for Dupuis-Mays v. Palko*, 140 S. Ct. 659 (2019) (citing Tex. Health & Safety Code

Ann. § 573.001); *see also Cantrell v. City of Murphy*, 666 F.3d 911, 923 (5th Cir. 2012) ("As

applied in this context, probable cause exists where the facts and circumstances within the officer's

knowledge at the time of the seizure are sufficient for a reasonable person to conclude that an

individual is mentally ill and poses a substantial risk of serious harm.").  The Fifth Circuit has noted

that Tex. Health & Safety Code § 573.001(a) provides support for a finding that police officers act with probable cause when they arrest an individual for temporary detention in a mental health facility. *Kipp*, 2018 WL 5981995, at *3 (citing *Martinez*, 1999 WL 1095667, at *3)(agreeing "that the Texas statute buttresses the officers argument that they acted within their clear authority."); *Gordon*, 2014 WL 6892716, at *7 (same).

Here, Plaintiff alleges that Officers arrested him and charged him with an APOWW when he tried to use the restroom at the police station, and then transferred him to a mental health facility, where he was detained for 72 hours. As noted, the Texas statute authorizing an APOWW supports a finding that Officers acted within their authority to detain him. *See Martinez*, 1999 WL 1095667, at *2. Plaintiff does not allege any facts that would, if true, establish that Officers did not have the requisite probable cause to effect an APOWW. *See Gordon*, 2014 WL 6892716, at *7. His conclusory allegation that his detention was "wrongful" is insufficient to state a plausible false arrest claim upon which relief may be granted, so his § 1983 claims against Officers should be dismissed.

## IV. STATE LAW CLAIM

To the extent that Plaintiff asserts a claim for false arrest under state law, he also fails to state a claim.

### A.    Supplemental Jurisdiction

Under § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In essence, § 1367(a) grants the courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2)

the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. 3:15-CV-1162-D, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996).

When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3). This rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Here, the factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims. Any alleged state law claims arise from the same "common nucleus of operative facts" as his federal claims. Requiring Plaintiff to litigate his claims in state court would "necessarily require consideration by two distinct courts of the same operative fact[s]" and the "same legal issues." *See McKee*, 2007 WL 2381246, at *4. Given Plaintiff's failure to state a claim for relief against the defendants in federal court, or otherwise show that a genuine controversy exists between the parties, allowing him to file suit in state court would impose unnecessary expenses on the court system and the parties involved. *See McCall v. Peters*, No. CIV.A. 3:00-CV-2247-D, 2003 WL 21488211, at

*12 (N.D. Tex. May 12, 2003), *aff'd by* 108 F. App'x 862 (5th Cir. 2004) (noting that in determining whether to exercise pendent or supplemental jurisdiction, the court may consider factors such as the amount of time and resources spent adjudicating the case).  Because all three factors weigh in favor of retaining jurisdiction over any state law false arrest claim, the Court should exercise supplemental jurisdiction and review it on the merits.

**B.    False Arrest**

In Texas, [t]he elements of false arrest and false imprisonment are similar enough to be indistinguishable. *Lewis v. Continental Airlines, Inc.*, 80 F.Supp.2d 686, 701 (S.D.Tex.1999). (quoting *Villegas v. Griffin Indus.*, 975 S.W.2d 745, 754 (Tex.App.-Corpus Christi 1998, no pet.)). To establish the intentional torts of false arrest or false imprisonment, the plaintiff must show (1) willful detention, (2) without consent, and (3) without authority of law. *Gladden v. Roach*, 864 F.2d 1196, 1201 (5th Cir.1989), *cert. denied*, 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 700 (1989) (citation omitted). A detention may be accomplished by violence, by threats, or by any other means that restrains a person from moving from one place to another. *Ameen v. Meck & Co., Inc.*, 226 F. App'x 363, 374 (5th Cir.2007) (citing *Randalls Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 64445 (Tex.1995)). Although physical restraint is one way to establish a willful detention, it is not the only way. *Lewis*, 80 F.Supp.2d at 702 (quoting *Grant v. StopNGo Market of Texas, Inc.*, 994 S.W.2d 867, 872(Tex. App.-Houston [1st Dist.] 1999, no pet.). Liability extends to any person who directs or requests an unlawful detention, including private citizens who request law enforcement officers to arrest a third party. *See Reicheneder v. Skaggs Drug Ctr.*, 421 F.2d 307, 311 (5th Cir.1970).

To succeed on a claim of false arrest, there must be an absence of probable cause for the

arrest. *See Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir.2004). An indictment demonstrates probable cause, however. *See Hastings v. City of Dallas Police Dept*, No. 3:06CV1422P, 2007 WL 1944408, at \*3 n. 2 (N.D.Tex. June 25, 2007), *appeal dismissed as frivolous*, 271 F.App'x 421 (5th Cir.2008) (per curiam).

Here, Plaintiff fails to plead any facts showing that Officers acted without authority of law. By claiming that they charged him with an APOWW, he alleges that they were acting under Texas Health & Safety Code § 573.001(a)(1). Because Plaintiff fails to allege facts that Officers were acting without authority of law, he fails to allege a plausible state law claim for false arrest.

## V.  RECOMMENDATION

The complaint should be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**SO RECOMMENDED**, this 20th day of May, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE